IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00864-PAB-MJW

ROBERT JEFFERY ("JEFF") HALPAPE; on behalf of himself and all others similarly situated,

    Plaintiff,

v.

TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, d/b/a TIAA-CREF,
TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,
and COLLEGE RETIREMENT EQUITIES FUND,
individually and as joint employers,

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER ( Docket p 0. 37-2 )

---

    Each Party[1] and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds, states as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of

---

[1] In his Complaint, Plaintiff seeks nationwide collective action status while simultaneously requesting certification of a state Rule 23 class. Putative or prospective class members are expressly excluded from this Order's reference to and definition of "Party" or "Parties" and therefore are not entitled to receipt of any Confidential Information hereunder. Should additional parties be added to this action after the entry of this stipulation and protective order, however, this order shall govern those additional parties and continue to govern the treatment of Confidential Information.

1

the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

## I. Definitions

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, recorded material, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in Paragraph 5 below. "Confidential information" includes, but is not limited to, non-public documents and/or data in which the Producing Party (defined below) claims a common law, statutory and/or regulatory privacy interest (e.g., protected health information subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")). "Confidential information" shall also include any settlement discussions, negotiations, communications, correspondence and pleadings.

3. "Producing Party" means the party that produces Confidential Information.

4. "Receiving Party" means the party receiving Confidential Information.

## II. Designation of Material

5. Where Confidential Information is produced, provided, made available or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

2

a. By imprinting the word "Confidential" on each page of the document produced;

b. With respect to electronically stored information that is not bates-numbered, by imprinting the word "Confidential" on the compact disc (or other media) containing the material produced;

c. By imprinting the word "Confidential" next to or above any response to a discovery request; or

d. With respect to transcribed testimony, by giving written notice to opposing counsel designating portions thereof as "Confidential" no later than ten calendar days after receipt of the transcribed testimony or by designating on the record at the deposition such portions as "Confidential."

6. If the Receiving Party challenges a designation of Confidential Information, the challenge must be made in writing. If the Producing Party objects to the Receiving Party's challenge of a designation of Confidential Information, within 14 days of receipt of notification of the Receiving Party's challenge, the Producing Party shall file an appropriate motion with the Court to determine the proper designation of the material. The Producing Party shall have the burden of proof in establishing the propriety of the designation. If the Producing Party does not file a motion to determine the proper designation within 14 days of receipt of notification of the Receiving Party's challenge, the Producing Party's designation shall be deemed null and void. If timely submitted, the material shall continue to have Confidential Information status from the time it is produced until the ruling by the Court.

3

### III. Restrictions on the Use of Designated Material

7.  All Confidential Information provided by a Party in response to a discovery request or in transcribed testimony shall be subject to the following restrictions:

    a.  It shall not be disclosed, revealed, leaked to the media, or be used for any other purpose or business whatsoever except the preparation and trial of this case (with the understanding that "preparation" of the case does not include use of Confidential Information for disclosure for any purpose to prospective members of the putative Rule 23 class or opt-in class);

    b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except those employed by the law firms representing the parties, designated testifying experts, treating physicians and health care providers, rebuttal experts, consultants, and necessary third party vendors for purposes of this case (*e.g.*, copying services, electronic discovery services, stenographers, etc.); and

    c.  It shall not be communicated or disclosed by the Parties, their Counsel and/or the persons employed by the law firms representing the Parties, unless an affidavit in the form of Exhibit A has first been signed by the person receiving such communications or disclosures with exception of counsel for the parties and their support staff, copying services, stenographers, and treating and health care providers. The exemption for treating and health care providers shall be limited to medical records only.

8.  Confidential Information may be used in this litigation among the parties and their counsel, experts, and consultants. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless compelled to do so by court order or as otherwise permitted by this Protective Order.

9.  Counsel for the Receiving Party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such information.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation and pursuant to this Protective Order.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom.

### IV. Motions to Seal

12. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. In the event it is necessary for the Parties to file Confidential Information as well as briefs quoting or discussing confidential information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR. 7.2 and/or 7.3.

### V. Inadvertent Disclosure

13.     The inadvertent disclosure to another party of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney/client communication or as attorney work product, shall not constitute a waiver of any privilege or otherwise affect the right to withhold from production as privileged or work product any other documents or information, even though such documents or information may relate to the same or a related transaction or subject matter as the document inadvertently disclosed.

14.     Nothing herein shall preclude the non-producing party from requesting the Court to determine whether the document or information is privileged or work product information. In the event that the non-producing party intends to challenge the claim of privilege, the non-producing party may retain a copy of such document for such purposes.

### VI. Completion of Litigation

15.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order _until Termination of This case_. [MJW 8-11-09]

16.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17.     Subject to any applicable requirements of the Federal Rules of Civil Procedure, or the Local Rules, the provisions of this Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to be binding throughout and after the conclusion of the case, including, without limitation, any appeals therefrom. Unless all of the

Parties agree in writing otherwise, 45 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information was produced, all Receiving Parties shall assemble and return to any Producing Party or, alternatively, destroy and provide written certification of destruction, all Confidential Information received directly or indirectly from the Producing Party, including all copies thereof, all summaries and/or other materials containing or disclosing such Confidential Information, except outside counsel of record may retain in its files a complete set of filings with the Court, deposition transcripts, and any written discovery requests and written responses thereto. The return of such material shall be acknowledged by the Producing Party in writing.

### VII. Miscellaneous

18. Settlement negotiations, settlement pleadings, correspondence discussing settlement, and/or offers of judgment cannot be used or displayed by counsel to anyone other than counsel (and their respective clients already named as parties to this litigation), including the prohibition of using or displaying such information on websites, in press releases or any other form of communication.

19. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

20. If another court or an administrative agency subpoenas or orders production of Confidential Information which a Receiving Party has obtained under the terms of this Protective

Order, such party shall promptly notify the Producing Party (of such Confidential Information) before complying with said request.

21. Notwithstanding anything to the contrary herein, any party may freely disclose its own Confidential Information material in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

22. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any party.

Dated in Denver, Colorado, this 11th day of August, 2009.

BY THE COURT:

_____
Michael J. Watanabe
United States Magistrate Judge

8

**STIPULATED AND AGREED BY:**

*/s/ Mark R. Thierman*

(by Natasha L. Wilson with express permission)

David Silverman
THE SILVERMAN LAW FIRM, P.C.
13111 E. Briarwood
Suite 340
Englewood, CO 80112
Telephone: (303) 768-0200

Mark R. Thierman
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone: (775) 284-1500

*Attorneys for Plaintiff*

*/s/ Natasha L. Wilson*

Brian L. Duffy
Naomi G. Beer
Jeannette M. Brook
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, CO 80202
Telephone: (303) 572-6500

David Long-Daniels, Admitted *Pro Hac Vice*
Natasha L. Wilson, Admitted *Pro Hac Vice*
GREENBERG TRAURIG, LLP

The Forum
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327
Telephone: (678) 553-2100

*Attorneys for Defendants*

## EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
                     ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read and understand the Protective Order in Civil Action No. _____, a copy of which is attached to this Affidavit.

    2.    I promise that I will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me except as authorized in the Protective Order.

    3.    I understand that the violation of the terms of the Protective Order will constitute a breach of the Protective Order and may subject me to sanctions, including contempt of Court and/or injunction, as well as a possible claim for damages.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

    5.    I will abide by and agree to be bound by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address: _____

_____

_____

Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this ___ day of _____, 200__, by _____.

WITNESS my hand and official seal.

[SEAL]

_____
Notary Public

My Commission Expires:_____