IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00864-PAB-MJW

ROBERT JEFFERY HALPAPE,
on behalf of himself and all others similarly situated,

    Plaintiff,

v.

TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES LLC, et al.,

    Defendants.

## ORDER

    This matter is before the Court on plaintiff's Acceptance of Offer of Judgment [Docket No. 42] and defendant's Motion to Dismiss Pursuant to Plaintiff's Acceptance of Offer of Judgment [Docket No. 43].

    Plaintiff filed this action on April 14, 2009, claiming that defendants' failure to pay overtime wages violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Colorado state law. Plaintiff sought to prosecute this case on behalf of other similarly situated persons employed by defendants during the relevant time period. As authority for this request, the Complaint [Docket No. 1] cites the collective action provision of the FLSA, 29 U.S.C. § 216(b), with respect to his federal cause of action and Fed. R. Civ. P. 23 with respect to his state law claims.

    On August 14, 2009, defendants made plaintiff an offer of judgment pursuant to Fed. R. Civ. P. 68. The terms of the offer include payment of $9,534.54 to plaintiff, an amount "inclusive of all alleged damages . . . including liquidated damages and interest"

covering a period of three years prior to the filing of this lawsuit, along with plaintiff's reasonable attorney's fees and costs. Plaintiff accepted the offer of judgment and filed a notice of acceptance with the Court on August 26, 2009. Defendants then moved to dismiss this action as moot in light of plaintiff's acceptance of the offer of judgment.

Rule 68(a) provides:

> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). Thus, entry of judgment in favor of the plaintiff is mandatory if, as in this case, the conditions specified in Rule 68(a) are satisfied. *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 (5th Cir. 2004) ("If the plaintiff accepts the offer . . . [t]he court generally has no discretion whether or not to enter the judgment. A Rule 68 Offer of Judgment is usually considered self-executing."). Here, plaintiff timely served written notice of acceptance eight business days after service of the offer of judgment. *See* Fed. R. Civ. P. 6(a). And plaintiff attached the offer of judgment to his notice of acceptance, along with proof of service. Rule 68(a) therefore directs that judgment enter according to the offer of judgment.

Consequently, defendants' motion to dismiss is unfounded. This is not a case, such as those cited by defendants in their motion, where a plaintiff rejected an offer of judgment that would fully satisfy the plaintiff's claims. Instead, plaintiff accepted the offer. While it is true that plaintiff's acceptance removes the controversy between him and defendants, under Rule 68, this case must end by entry of judgment, rather than by

an order of dismissal.  *Cf. Geer v. Challenge Financial Investors Corp.*, No. 05-1109, 2006 WL 704933, *2 (D.Kan., Mar. 14, 2006) ("Where a defendant makes a Rule 68 offer of judgment and it is accepted, the case is settled and there is no longer a controversy.").

Because plaintiff's Complaint alleged claims on behalf of others similarly situated, the Court briefly takes up the issue of the propriety of the Rule 68 offer of judgment *vis a vis* putative collective or class plaintiffs.  In 2003, Fed. R. Civ. P. 23(e) was amended so as to clarify that court approval of settlements is required only where there is a "certified class," as opposed to in all "class actions," as the rule previously read.  *See* Fed. R. Civ. P. 23(e)(1)(A).  According to the advisory committee notes for this amendment, the new language "resolves the ambiguity" whereby the earlier version of Rule 23(e) "could be – and at times was – read to require court approval of settlements with putative class representatives that resolved only individual claims." 2003 Advisory Committee Notes.  Therefore, as this case involves neither a certified class nor a pending motion for class certification, the Court need not engage in an analysis under Rule 23(e) concerning the effect of plaintiff's acceptance of the offer of judgment on putative class members.

The same is true with respect to plaintiff's FLSA collective action claim alleged on behalf of employees similarly situated to plaintiff.  No such employees have "opted in" to participate in this action, as they must to be considered a "party plaintiff" under Section 16(b) of the FLSA.  *See* 29 U.S.C. § 216(b) (2006) (stating that an FLSA action may be brought by an employee "in behalf of himself . . . and other employees similarly situated," but "[n]o employee shall be a party plaintiff to any such action unless he gives

his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). Since Mr. Halpape is the only party plaintiff to the FLSA claim at this time, consideration of how the offer of judgment affects putative FLSA claimants is unnecessary. *See*, *e.g.*, *Louisdor v. American Telecommunications, Inc.*, 540 F. Supp. 2d 368, 373 (E.D.N.Y. 2008) (holding that collective action allegations under Section 216(b) did not save plaintiff's FLSA claims from mootness after plaintiff refused to accept Rule 68 offer of judgment since no other plaintiffs had opted in to the action).

For the foregoing reasons, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 68(a), the Clerk of Court shall enter judgment in favor of plaintiff Robert Jeffery Halpape and against defendants TIAA-CREF Individual & Institutional Services, LLC; Teachers Insurance and Annuity Association of America; and College Retirement Equitites Fund according to the terms of defendants' offer of judgment [Docket No. 42], awarding plaintiff $9,534.54 in damages and his reasonable attorney's fees, costs, and expenses. It is further

**ORDERED** that defendants' second motion to dismiss [Docket No. 43] is DENIED. It is further

**ORDERED** that defendants' first motion to dismiss [Docket No. 21] is DENIED as moot. It is further

**ORDERED** that this matter, and all claims asserted therein, is dismissed with prejudice.

DATED September 3, 2009.

                                         BY THE COURT:

                                         s/Philip A. Brimmer
                                         PHILIP A. BRIMMER
                                         United States District Judge